UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Plaintiff,

   v.                                   **DECISION AND ORDER**
                                          07-CR-304S (10)

GEORGE DEWALD,

               Defendant.

On August 22, 2014, the government filed two Applications for Writ of Execution (Docket Nos. 683, 684) under the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3203 (c)(1), seeking to levy upon Defendant's two Individual Retirement Accounts ("IRAs") for partial payment of a $233,255.70 judgment entered on May 14, 2014 (Docket No. 650). That same day, Defendant filed a Motion to Stay Execution of the judgment under Rule 62 (f) of the Federal Rules of Civil Procedure. (Docket No. 685.) Defendant later moved for a hearing. (Docket No. 689.) Because there is no basis to stay execution of the judgment as a matter of fact or law, the government's applications will be granted and Defendant's motions will be denied.

Defendant is subject to a $233,255.70 judgment stemming from his conviction in this Court for Attempted Hobbs Act Extortion in violation of 18 U.S.C. § 1951 (a). (Docket No. 650.) After payment of the $100 special assessment, the full restitution amount—$233,155.70—remains unpaid (interest on the restitution is waived). The judgment requires that Defendant immediately pay restitution and provides that, while on supervised release, Defendant must make monthly payments at the rate of 10% of his gross monthly income. (Docket No. 650.)

"All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203 (a). Property exempt from levy is listed in 18 U.S.C. § 3613 (a)(1) by way of cross-reference to § 6334 (a) of the Internal Revenue Code of 1986.[1] The list does not include IRAs. The government is therefore entitled to levy against Defendant's IRAs. See United States v. Lazorwitz, 411 F. Supp. 2d 634, 637 (E.D.N.C. 2005) (finding that the only exemptions for a criminal debtor owing restitution are set forth in the referenced Internal Revenue Code provisions in 18 U.S.C. § 3613 (a)(1)); United States v. Grico, No. CR.A. 99-202-01, 2003 WL 21244024, at *1 (E.D.Pa. May 22, 2003) (finding that "Defendant's IRA is property that the Government can reach through issuance of a FDCPA garnishment order"); see also United States v. James, 312 F. Supp. 2d 802, 805 (E.D.Va. 2004).

Defendant, however, seeks to stay the writs of execution. He first argues that his IRAs are exempt from levy under NY CPLR § 5205 (c). Whether that is accurate or not is inconsequential, because as discussed above, federal law, not state law, governs the government's applications.[2] See 28 U.S.C. § 3203 (a); 18 U.S.C. §§ 3613 (a), 3663A (d), 3664 (m)(1)(A). Second, Defendant argues that this Court should enter a stay because it imposed a payment schedule requiring Defendant to make partial payments of 10% of his gross monthly income while on supervised release. This provision of the judgment, however, does not preclude the government from seeking to enforce Defendant's obligation to pay the judgment immediately, nor does it release Defendant from that

---

[1] Although 18 U.S.C. § 3613 is titled "Civil remedies for satisfaction of an unpaid fine," its provisions apply equally to unpaid restitution. See 18 U.S.C. § 3613 (f).

[2] Because federal law governs, Rule 62 (f) of the Federal Rules of Civil Procedure (Stay in Favor of a Judgment Debtor Under State Law) does not apply.

obligation.  Finally, Defendant argues that a stay is appropriate because restitution is joint and several, other funds may become available to pay restitution within his supervised release term, and he will suffer adverse tax consequences if the writs of execution are granted.  None of these circumstances, however, is reason to impose a stay.  Consequently, the government's Applications for Writ of Execution will be granted and Defendant's Motion for Stay and for a Hearing will be denied.

    IT HEREBY IS ORDERED, that the government's Applications for Writ of Execution (Docket Nos. 683, 684) are GRANTED.

    FURTHER, that Plaintiff's Motion for Stay (Docket No. 685) is DENIED.

    FURTHER, that Plaintiff's Motion for Hearing (Docket No. 689) is DENIED.

    SO ORDERED.

Dated:  May 11, 2015
       Buffalo, New York

                                       /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                Senior United States District Judge